**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,                 Chapter 11
                                                   Case No. 8:13-bk-01520-KRM

AMERICAN MANAGED CARE, LLC,                        Jointly Administered with
                                                   Case No. 8:13-bk-05952-KRM
      Debtors.
_____/

AMERICAN MANAGED CARE, LLC,

      Plaintiff,

v.                                                 Adv. Proc. _____

AMERICAN CONSERVATIVE UNION
FOUNDATION,

      Defendant.
_____/

### COMPLAINT TO AVOID AND RECOVER FRAUDULENT  TRANSFERS

    Plaintiff, American Managed Care, LLC ("AMC") sues Defendant, AMERICAN

CONSERVATIVE UNION FOUNDATION, and alleges:

### Jurisdiction, Venue and Parties

    1.    This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of

Bankruptcy Procedure.

    2.    This is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2).

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

    3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4.      AMC filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on May 3, 2013 (the "Petition Date").

5.      AMC's Chapter 11 case is jointly administered with Case No. 8:13-bk-1520-KRM of Universal Health Care Group, Inc. ("UHCG").  Soneet R. Kapila is the Chapter 11 Trustee of UHCG, AMC's sole member.

6.      American Conservative Union is a political organization with its principal place of business in Washington D.C., (the "Defendant").

### Background Facts

7.      UHCG is a holding company that provided health insurance and managed care products through certain subsidiaries: (i) Universal Health Care, Inc.; (ii) Universal Health Care Insurance Company, Inc.; (iii) Universal HMO of Texas, Inc.; and (iv) Universal Health Care of Nevada, Inc. (collectively the "Regulated Subsidiaries").  AMC is a third-party administrator that operated as the management company for the Regulated Subsidiaries.

8.      Defendant is a political organization that received contributions from AMC prepetition.

9.      During the four years prior to the Petition Date, AMC made transfers to or for the benefit of Defendant totaling $10,000.00 consisting of the transfers listed on **Exhibit "A"** attached hereto (the "Transfers").

10.     The Transfers were in the nature of political contributions.  Evidence of the Transfers is attached hereto as **Exhibit "B"**.

11.     AMC did not receive any consideration in exchange for the Transfers.

12.     According to the claim registry in AMC's bankruptcy case, claims totaling approximately $56,672,000 have been filed against AMC.    AMC's Schedules filed in its bankruptcy case show AMC only had about $2,678,000 in assets as of the Petition Date.

### Count I: Fraudulent Transfer
### (§§ 548(a)(1)(B) and 550)

13.     The Trustee realleges paragraphs 1 through 12 above as if fully set forth herein.

14.     This is an action against Defendant to recover the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

15.     The Transfers were transfers of property of AMC.

16.     The Transfers were made to or for the benefit of Defendant.

17.     The Transfers were made within the two years prior to the Petition Date.

18.     AMC received less than reasonably equivalent value in exchange for the Transfers.

19.     At the time the Transfers were made: (a) AMC was insolvent or became insolvent as a result of such transfers; (b) AMC was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with AMC was unreasonably small in relation to the business or transaction; and/or (c) AMC intended to incur, or believed or reasonably should have believed that AMC would incur, debts beyond AMC's ability to pay as such debts matured.

20.     The Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

21.     Pursuant to 11 U.S.C. § 550(a), the recovery of property or its value for the benefit of AMC's estate is authorized to the extent that the Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B).

3

**WHEREFORE**, the Trustee respectfully requests this Court enter judgment against Defendant:

a)       avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and avoiding all transfers by AMC to or for the benefit of Defendant in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 548(a)(1)(B);

b)       for the recovery of the Transfers or the amount of the Transfers, pursuant to 11 U.S.C. § 550;

c)       for interest from the date of the Transfers;

d)       for all costs of this action;

e)       disallowing any and all claims by Defendant, or any amounts owed to Defendant according to AMC's schedules, pursuant to 11 U.S.C. § 502(d) unless Defendant has returned to AMC's estate the amount for which it is liable; and

f)       for such other and further relief as the Court deems proper.

### Count II: Fraudulent Transfer
### (§§544, 550 and Fla. Stat. § 726.105(1)(b))

22.    The Trustee realleges paragraphs 1 through 12 above as if fully set forth herein.

23.    This is an action against Defendant to recover the Transfers pursuant to 11 U.S.C. §§ 544, 550 and Fla. Stat. § 726.105(1)(b).

24.    The Transfers were transfers of property of AMC.

25.    The Transfers were made to or for the benefit of Defendant.

26.    The Transfers were made within the four years prior to the Petition Date.

27.    AMC received less than reasonably equivalent value in exchange for the Transfers.

28.    At the time the Transfers were made: (a) AMC was engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with AMC was unreasonably small in relation to the business or transaction; and/or (b) AMC intended to incur, or believed or reasonably should have believed that AMC would incur, debts beyond AMC's ability to pay as such debts matured.

29.    The Transfers are avoidable under Fla. Stat. §726.105(1)(b), 726.108(1)(a) and 11 U.S.C. § 544(b)(1).

30.    Pursuant to 11 U.S.C. § 550(a), the recovery of property or its value for the benefit of AMC's estate is authorized to the extent that the Transfers are avoidable under 11 U.S.C. § 544(b) and Fla. Stat. 726.105(1)(b).

**WHEREFORE**, the Trustee respectfully requests this Court enter judgment against Defendant:

a)    avoiding the Transfers pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(b) and avoiding all transfers by AMC to or for the benefit of Defendant in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(b);

b)    for the recovery of the Transfers or the amount of the Transfers, pursuant to 11 U.S.C. § 550;

c)    for interest from the date of the Transfers;

d)    for all costs of this action;

e)    disallowing any and all claims by Defendant, or any amounts owed to Defendant according to AMC's schedules, pursuant to 11 U.S.C. § 502(d) unless Defendant has returned to AMC's estate the amount for which it is liable; and

f)        for such other and further relief as the Court deems proper.

### Count III: Fraudulent Transfer
### (§§544, 550 and Fla. Stat. § 726.106(1))

31.     The Trustee realleges paragraphs 1 through 12 above as if fully set forth herein.

32.     This is an action against Defendant to recover the Transfers pursuant to 11 U.S.C. §§ 544, 550 and Fla. Stat. §726.106(1).

33.     The Transfers were transfers of property of AMC.

34.     The Transfers were made to or for the benefit of Defendant.

35.     The Transfers were made within the four years prior to the Petition Date.

36.     AMC received less than reasonably equivalent value in exchange for the Transfers.

37.     At the time the Transfers were made AMC was insolvent or became insolvent as a result of such Transfers.

38.     The Transfers are avoidable under Fla. Stat. §726.106(1), 726.108(1)(a) and 11 U.S.C. § 544(b)(1).

39.     Pursuant to 11 U.S.C. § 550(a), the recovery of property or its value for the benefit of AMC's estate is authorized to the extent that the Transfers are avoidable under 11 U.S.C. § 544(b) and Fla. Stat. 726.106(1).

**WHEREFORE**, the Trustee respectfully requests this Court enter judgment against Defendant:

a)        avoiding the Transfers pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.106(1) and avoiding all transfers by AMC to or for the benefit of Defendant in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 544(b) and Fla. Stat. § 726.106(1);

6

b)      for the recovery of the Transfers or the amount of the Transfers, pursuant to 11 U.S.C. § 550;

c)      for interest from the date of the Transfers;

d)      for all costs of this action;

e)      disallowing any and all claims by Defendant, or any amounts owed to Defendant according to AMC's schedules, pursuant to 11 U.S.C. § 502(d) unless Defendant returns to AMC's estate the amount for which it is liable; and

f)      for such other and further relief as the Court deems proper.

Dated:  February 5, 2015

/s/ Lori V. Vaughan
LORI V. VAUGHAN
Florida Bar No. 0154921
lvaughan@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE,
O'NEILL & MULLIS, PA
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
Tel: (813) 223-7474
Fax: (813) 229-6553
*Attorney for American Managed Care, LLC, and Soneet R. Kapila as Chapter 11 Trustee*

| Disbursement Date | Disbursement Amount | Total |
|---|---|---|
| 10/24/2012 | $10,000.00 | $10,000.00 |

# EXHIBIT A

# EXHIBIT B



**Business Platinum Card®**
AMERICAN MANAGED CAR
AKSHAY M DESAI
Closing Date 10/29/12

**OPEN** sm

p. 37/55

Account Ending 1-75004

## Detail Continued

| | Foreign Spend | Amount |
|---|---|---|



10/24/12  AMERICAN CONSERVATIV7038368602   VA   *Executive Dr. Desai donation*   $10,000.00
7038368602

Continued on reverse